# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Lamar Gorham, | Case No. 9:25-13414-RMG |
| Petitioner, | |
| v. | **ORDER** |
| Director, of the Sheriff Al Cannon Detention Center, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 6) recommending that this habeas petition be dismissed without prejudice and without requiring Respondent to file a return. Petitioner was advised that he had 14 days to file written objections to the R & R, and a failure to timely file objections would result in limited clear error review and waiver of the right to appeal the decision of the district court. (*Id*. at 6). No timely objections have been filed.

**I.	Background**

Petitioner is a pretrial detainee proceeding *pro se* and *in forma pauperis*. The petition appears to challenge pending state criminal charges, which include kidnapping, carjacking, domestic violence, attempted armed robbery, and burglary. The Magistrate Judge explained in the R & R that ordinarily a federal court abstains from interfering with pending state criminal proceedings under *Younger v. Harris*, 401 U.S. 37 (1971) since the Petitioner has the opportunity to raise any federal claims in the state proceeding. (Dkt. No. 6 at 3). The Magistrate Judge recognized that there are narrow exceptions to the *Younger* doctrine if "special circumstances" exist but concluded that no such circumstances exist to justify interference with the pending state

charges in this matter. (*Id*. at 4-5). The Magistrate Judge recommended that the Petition should be dismissed without prejudice and without requiring Respondent to file a return.

II.  **Legal Standards**

    A. **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

    B. **Pro Se Pleadings**

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

III. **Discussion**

After a de novo review of the record, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that this Petition was subject to dismissal under the *Younger* doctrine. The Court adopts the R & R of the Magistrate

Judge (Dkt. No. 6) as the order of the Court and **DISMISSES** the Petition without prejudice and without requiring Respondent to file a return.

    **AND IT IS SO ORDERED.**

                                             s/ Richard Mark Gergel
                                             Richard Mark Gergel
                                             United States District Judge

January 9, 2026
Charleston, South Carolina